COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

BARRY WOODWARD

v.    Record No. 1389-97-1

AMOCO OIL COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 7, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(W. Mark Broadwell, on brief), for appellant.

(Richard B. Donaldson, Jr.; Kevin W. Grierson; Jones, Blechman, Woltz & Kelly, on brief), for appellee.


Barry Woodward appeals a decision of the Workers' Compensation Commission denying his claim for compensation benefits for disability due to diabetes mellitus, a nervous system imbalance, and gastroparesis.  Woodward contends that the commission erred in finding that he failed to prove that these conditions were causally related to his compensable January 21, 1994 injury by accident.  Finding no error, we affirm.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence established that on January 21, 1994, while in the course of his employment, Woodward struck his head while passing under a waste heat boiler and fell to his knees.  Later that day, Woodward was treated at an emergency room, where a

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

physician diagnosed a cervical thoracic strain.  A week later, Woodward sought emergency room treatment for abdominal pain and diarrhea.

Dr. Donald Richardson examined Woodward on February 22, 1995.  Although Dr. Richardson referred to a lumbar diskectomy in 1990 and whiplash injury in 1989, he did not note the January 21, 1994 industrial accident in his description of Woodward's medical history.  Dr. Richardson noted that Woodward had a history of diabetes mellitus since March 1994 and indicated that Woodward suffered from glycemic control of diabetes, gastrointestinal complaints, and headaches.  Dr. Richardson did not identify a cause of Woodward's diabetes.  However, he opined that Woodward's numerous gastrointestinal complaints could originate from many sources and his headaches were probably muscular-skeletal.

On July 19, 1995, Dr. Richardson diagnosed Woodward as suffering from diabetic gastroparesis (stomach paralysis from diabetes), which had caused him to miss work.  However, Dr. Richardson did not render an opinion as to the cause of this condition.

In March 1995, Woodward received medical treatment on four occasions over a seven-day period from Dr. Harold J. Kornylak, an osteopath.  Dr. Kornylak diagnosed "severe autonomic nervous system imbalance, including severe sympathetic overstimulation, which could account for [Woodward's] hyperglycemia, gastroparesis, hyperacidity and elevated catacholamines in his

2

blood work."  Dr. Kornylak opined that these "disabilities . . . were precipitated by [Woodward's] neck injury."

Dr. T. Eugene Temple, Jr., who is certified in internal medicine, endocrinology and metabolism, reviewed Woodward's medical records for employer.  Dr. Temple opined that Woodward's diabetes mellitus was unrelated to the industrial accident.  In addition, he opined that Woodward's abdominal pain, gastrointestinal problems, gastroparesis, and autonomic neuropathy were not related to the industrial accident.

In denying Woodward's application, the commission found as follows:

> Dr. Richardson has not stated [Woodward's] diabetes and related problems were caused by the January 21, 1994 industrial accident.  Although Dr. Richardson's reports do not identify a cause, his medical history does not even identify the industrial accident in the medical history.  Dr. Temple denies any causal relationship.  Dr. Kornylak believes [Woodward's] problems are related.
> [Woodward] had the burden of proof to establish the causal relationship by a preponderance of the evidence.  The Commission gives great weight to the opinion of the treating physician which in this case would be Dr. Richardson.  Because the treating physician has not related the problems to the accident nor identified it as a possible cause and in view of the dispute between the other nontreating doctors, we find the burden of proof has not been met.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to resolve the conflicts between the various medical opinions in favor of employer.  "Questions

3

raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Based upon the lack of persuasive medical evidence establishing a causal connection between Woodward's diabetes and various other problems and the January 21, 1994 industrial accident, we cannot say as a matter of law that Woodward's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.

4